**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 9 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANA EDELMIRA MERCADO
MERCADO,

             Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

             Respondent.

No. 22-957

Agency No.
A202-066-228

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2024**
Pasadena, California

Before: WARDLAW, FRIEDLAND, and SUNG, Circuit Judges.

Ana Edelmira Mercado Mercado, a native and citizen of El Salvador,

petitions for review of the affirmance by the Board of Immigration Appeals

("BIA") of the denial by the Immigration Judge ("IJ") of her application for

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252(d). The BIA adopted the IJ's decision without expressing disagreement and also provided its own reasoning. Accordingly, we review both the IJ's decision and the BIA's determination. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). "We review for substantial evidence the agency's determination that a petitioner has failed to establish eligibility for asylum or withholding of removal[.]" *Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023) (citation, alteration, and quotation marks omitted). We likewise review the denial of CAT relief for substantial evidence. *See Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022). For the reasons below, we deny the petition.

1. Substantial evidence supports the agency's denial of Mercado's application for asylum and withholding of removal. On appeal, Mercado does not challenge the IJ's dispositive determination that she failed to show that the government was unable or unwilling to protect her. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc) ("An applicant alleging past persecution has the burden of establishing that . . . the persecution was committed by the government, or by forces that the government was unable or unwilling to control." (quoting *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023

(9th Cir. 2010))). Despite quoting the IJ's finding in her opening brief, Mercado does not challenge the finding anywhere in her statement of the issues nor in the body of her opening brief. An issue not discussed in the opening brief is forfeited. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022).[1]

2. Substantial evidence supports the agency's denial of Mercado's CAT claim. The record does not compel the conclusion that Mercado will more likely than not be tortured with the consent or acquiescence of a government official upon her return to El Salvador. It is well established in our case law that generalized evidence of crime—and even corruption—is insufficient to establish CAT relief if the evidence is not particular to the applicant. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION DENIED.**

---

[1] Because Mercado forfeited any challenge to this dispositive element of her asylum and withholding claims, we do not reach her arguments on appeal regarding her proposed social groups and nexus.